David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 9385-5518
Email: dkrieger@hainesandkrieger.com

Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
Phone: (702) 825-6060
Fax: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROXANNE WHITTUM, indvidually and on behalf of all and others similarly situated, | Civil Action No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| ACCEPTANCE NOW, | **CLASS ACTION** |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff, ROXANNE WHITTUM indvidually and on behalf of all and others similarly situated, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendant's violations of the Telephone Consumer

Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") by negligently, knowingly, and/or willfully placing automated calls to Plaintiff's cellular phone without consent, thereby violating the TCPA.

2. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 and this Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), because Plaintiff resides within the District of Nevada, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

## PARTIES

5. The Plaintiff, ROXANNE WHITTUM ("Plaintiff" or "Ms. Whittum"), is an adult individual residing in Clark County, Nevada.

6. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

7. Defendant ACCEPTANCE NOW ("Acceptance"), is a company whose principal place of business is in Plano, Texas, and which does business in the State of Nevada.

8. Acceptance is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39).

9. Acceptance at all times acted by and through one or more of its agents or representatives.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

10. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. The TCPA regulates, among other things, the use of automated telephone dialing systems.

12. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B) to dial such numbers.

13. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call (or text message) using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

14. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls. The FCC also recognized that wireless customers are charged for incoming calls.[1]

15. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded calls (or text messages) to a wireless number by a creditor, or on

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

behalf of a creditor, are permitted only if the call (or text message) is made with the "prior express consent" of the called party.[2]

16. On July 10, 2015, the FCC issued FCC Order 15-72, wherein the FCC[3] stated that "[a] caller may not limit the manner in which revocation [of prior express consent to call or message] may occur" and that the "burden is on the caller to prove it obtained the necessary prior express consent". *Id*. at ¶ 30.

17. Further, consumers (like Plaintiff) may revoke consent through any reasonable means. *Id*. at ¶ 47.

18. Nothing in the language of the TCPA or its legislative history supports the notion that Congress intended to override a consumer's common law right to revoke consent. *Id*. at ¶ 58.

19. Indeed, some consumers may find unwanted intrusions by phone more offensive than home mailings because they can cost them money and because, for many, their phone is with them at almost all times. *Id*. at ¶ 61.

20. Consumers have a right to revoke consent, using any reasonable method including orally or in writing. *Id*. at ¶ 64.

---

[2] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 23 FCC Rcd 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[3] See Declaratory Ruling and Order, Adopted June 18, 2015 and Released July 10, 2015 regarding *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, WC Docket No. 07-135 (https://apps.fcc.gov/edocs_public/attachmatch/FCC-15-72A1.pdf).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

21. Beginning in July 2018, Plaintiff received multiple calls from Defendant from (at least) the following cellular phone number registered or used by Defendant: (702) 435-1305 and (702) 435-1311.

22. On information and belief, Defendant contacted Plaintiff in an attempt to collect a debt allegedly owed by Plaintiff's sister.

23. Plaintiff never provided her consent to be contacted by Acceptance.

24. Upon information and belief, Defendant employs an automatic telephone dialing system ("ATDS") which meets the definition set forth in 47 U.S.C. § 227(a)(1) to transmit its phone calls to Plaintiff.

25. Upon information and belief, Acceptance conducted dialing campaigns using its ATDS to Plaintiff and those similarly situated.

26. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

27. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

28. Upon information and belief, Plaintiff and the class members never consented to Acceptance using an ATDS to communicate phone calls to her cell phone for any other reason, or else revoked their consent at a later time.

29. However, Defendant placed calls to Plaintiff's cellular telephone (ending 2763) without consent using an ATDS in violation of the TCPA.

30. Defendant's ATDS has the capacity to store telephone numbers for which phone calls would be sent, using a random or sequential number generator.

31. The telephone number that Defendant used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

32. Defendant's phone calls sent to Plaintiff's cellular telephone were not for "emergency purposes."

33. Pursuant to the TCPA and the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that it had prior express consent to send calls to Plaintiff's cellular phone with an ATDS.

34. Plaintiff suffered actual harm and loss, since receiving and viewing each of the unwanted phone calls depleted Plaintiff's cell phone's battery and caused the loss of cell phone minutes; and the cost of electricity to recharge the phone, and the loss of minutes on a phone plan, are tangible harms. While small, these costs are real, and the cumulative effect can be consequential, just as is true for exposure to X-rays resulting from Defendant's unwanted calls to Plaintiff's cell phone.

35. Plaintiff also suffered from an invasion of a legally protected interest by making calls to Plaintiff's personal phone line when Defendant had no right to do so, resulting in an invasion of Plaintiff's right to privacy. The TCPA protects consumers from this precise behavior.

36. Plaintiff has a common law right to privacy. *E.g.*, Samuel D. Warren & Louis D. Brandeis, *The Right to Privacy*, 4 Harv. L. Rev. 1155, 193 (1890). Congress sought to further protect that right by enacting the TCPA.

37. "[W]hen a person must endure the bother of unwanted calls in the privacy of his home, his harm is similar to other traditional injuries that courts have long recognized, such as

invasion of privacy and nuisance." *Toldi v. Hyundai Capital Am.*, No. 2:16-CV—01877-APG-GWF, 2017 WL 736882, at *2 (D. Nev. Feb. 23, 2017).

38. Plaintiff was also personally affected, since Plaintiff felt Plaintiff's privacy had been invaded when Defendant placed phone calls to Plaintiff's phone line without any consent to do so.

39. The injury suffered by Plaintiff is concrete because Defendant's violations caused Plaintiff to suffer an invasion of privacy.

### CLASS ACTION ALLEGATIONS

40. Plaintiff brings this action on behalf of herself and Class Members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

41. Plaintiff proposes to represent the following Class consisting of and defined as follows:

> All persons within the United States who received any phone call from Defendant or its agent(s) and/or employee(s), not for an emergency purpose, on said person's cellular telephone, made through the use of any automatic telephone dialing system within the four years prior to the filing of this Complaint.

42. Acceptance and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several hundreds, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

43. Plaintiff and members of the Class were harmed by the acts of Acceptance in at least the following ways: Acceptance, either directly or through its agents, illegally placed phone calls to Plaintiff and the Class members via their cellular telephones, and used an ATDS to complete the transactions. This caused Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously

7

paid, and invading the privacy of said Plaintiff and the Class members as discussed above. Plaintiff and the Class members were damaged thereby.

44. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

45. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Acceptance's records or Acceptance's agents' records.

46. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   i. Whether, during the proposed class period, Acceptance or its agent(s) placed any debt collection, marketing, and artificial or prerecorded voice messages to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

   ii. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

   iii. Whether Acceptance and its agents should be enjoined from engaging in such conduct in the future.

47. As a person that received at least one non-emergency phone call via an ATDS to her cell phone without his prior express written consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

48. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Acceptance's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Acceptance will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

49. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

50. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Acceptance to comply with federal. The interest of Class members in individually controlling the prosecution of separate claims against Acceptance is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

51. Acceptance has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## COUNT I

### Negligent Violations of the Telephone Consumer Protection Act, (47 U.S.C. § 227, *et seq.*)

52. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

53. Defendant negligently placed multiple phone calls to a cellular number belonging

to Plaintiffs without Plaintiffs' prior express consent.

54. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

55. As a result of Defendant's negligent violations of the TCPA, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

56. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT II

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, (47 U.S.C. § 227, *et seq.*)

57. Plaintiffs repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

58. Defendant knowingly and/or willfully placed multiple phone calls to cellular numbers belonging to Plaintiffs without Plaintiffs' prior express consent.

59. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

60. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and the Class are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

61. Additionally, Plaintiff and the Class are entitled to seek injunctive relief prohibiting such conduct by Defendant in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks for herself and each Class member that judgment be entered against Defendant awarding as follows:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

4. An award of attorney's fees and costs to counsel for Plaintiff; and

5. Such other relief as the Court deems just and proper.

### **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 21, 2018

Respectfully submitted,

By  /s/ David H. Krieger, Esq.
David H. Krieger, Esq.
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123

Matthew I. Knepper, Esq.
Miles N. Clark, Esq.
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129

Attorney for Plaintiff