Richard C. Gordon, Esq.
Nevada Bar No. 9036
Michael Paretti, Esq.
Nevada Bar No. 13926
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Tel.(702) 784-5200
Fax. (702) 784-5252
rgordon@swlaw.com
mparetti@swlaw.com

*Attorneys for Defendant Acceptance Now West LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROXANNE WHITTUM, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>ACCEPTANCE NOW,<br><br>        Defendant. | CASE NO.:   2:18-cv-01574-RFB-PAL<br><br>**DEFENDANT ACCEPTANCE NOW WEST LLC'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTIONS** |

Defendant Acceptance Now West LLC ("Acceptance Now")[1], by and through its counsel, the law firm of Snell & Wilmer L.L.P., hereby moves this Court to stay discovery between Plaintiff Roxanne Whittum ("Plaintiff") and Acceptance Now pursuant to Rule 26 of the Federal Rules of Civil Procedure, pending the disposition of Acceptance Now's Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 19], or alternatively, Motion to Strike Class Allegations pursuant to Fed. R. Civ. P. 12(b)(2) [ECF No. 20]. This motion is based upon the pleadings and papers on file herein, the points and authorities

---

[1] Defendant was erroneously named in Plaintiff's Complaint and again in the First Amended Complaint as "Acceptance Now" – as noted in Defendant's prior motions, there is no such corporate entity.

submitted herewith, and any oral argument that the Court may entertain at a hearing in this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Acceptance Now has filed a substantial Motion to Dismiss Plaintiff's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss"), as well as an alternative Motion to Strike Plaintiff's Class Allegations under Federal Rule of Civil Procedure 12(b)(2) ("Motion to Strike") that would impact any potential class membership. Acceptance Now has also moved, in the alternative, for judgement on the pleadings convertible to summary judgment, given the nature of the telephone used to place calls to Plaintiff. Acceptance Now respectfully requests that this Court not allow Plaintiff to proceed with discovery (in particular, discovery into her allegations brought on behalf of a putative nationwide class) while these serious challenges to the basis of Plaintiff's entire action are pending.

While the standard to justify a stay is demanding, this case amply satisfies it. In deciding whether to stay discovery, the Court weighs the expense of discovery against "the underlying principle that a stay of discovery should only be ordered if the court is 'convinced' that a plaintiff will be unable to state a claim for relief." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). The Court also considers whether the pending motion is potentially dispositive of the entire case and whether that motion can be decided without additional discovery. *Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013). Acceptance Now's Motions warrant a stay under each consideration.

As Acceptance Now explained in its Motions pending before the Court, Plaintiff's First Amended Complaint ("FAC") is bereft of any factual allegations that would make the use of TCPA-restricted dialing equipment by Acceptance Now (let alone improper use of such equipment) **more likely than not**. Similarly, Plaintiff's Nevada Deceptive Trade Practices Act ("NDTPA") claim alleges conduct that, even if true, is outside the scope of the NDTPA. Plaintiff alleges that Acceptance Now's calls constituted a "deceptive trade practice" because Acceptance Now sought to collect money from the wrong person and to "solicit" contact information for

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702) 784-5200

another person.  Courts are clear that the NDTPA only applies when a person violates a statute or regulation relating to *the sale or lease of goods or services*, and that the activities alleged by Plaintiff do not fall into the scope of the NDTPA. Plaintiff's First Amended Complaint does not (and cannot) allege that Acceptance Now sold or leased goods or services to Plaintiff.  Finally, Plaintiff's nationwide class allegations should be stricken pursuant to Rule 12(b)(2) and Plaintiff should be instructed by the district court to amend her class definition to exclude non-Nevada residents from her proposed "Class 1" class membership.

Acceptance Now is confident that a "preliminary peek" at its Motions will convince this Court that Plaintiff's action will not survive, and that a stay is warranted.  The pending Motions potentially dispose of the entire action.  Also, no discovery is needed to decide the Motions.  In addition to the law supporting such a stay, pressing discovery forward will result in prejudice to Acceptance Now.  For all these reasons, a stay pending adjudication of the Motion to Dismiss and alternative Motion to Stay is justified and warranted.

## II.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's First Amended Complaint is rooted in alleged violations of the Telephone Consumer Protection Act ("TCPA") and the NDTPA. However, the TCPA does not apply to just any call placed to a cellular phone.  Instead, calls to cellular phones only face restrictions under the that statute if they are prerecorded and/or placed with certain kinds of dialing equipment, and are placed without the recipient's prior express consent.  *See* 47 U.S.C. § 227(b).

While Plaintiff claims that she received calls from Acceptance Now on her cellular phone and baldly states that the calls were placed "using an ATDS without consent to place such calls" (FAC, ¶ 31), she alleges no facts that would indicate that an ATDS was used, instead asserting based **solely** on "information and belief" that an ATDS or predictive dialer restricted by the TCPA was employed in calls she received (*id.,* ¶¶ 24-28, 31).  Then, based on her "belief" that an "ATDS" was used to place calls to her (calls that she believes were intended for her sister (*id.,* ¶¶ 28, 31)), Plaintiff asserts putative classwide claims under the TCPA for all calls by Acceptance Now going back four years.  (*Id.,* ¶¶ 31, 45-56.)

Likewise, the NDTPA does not apply to this kinds of facts alleged in Plaintiff's First

Snell &amp; Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

1   Amended Complaint regarding calls placed in an attempt to reach Plaintiff's sister. The NDTPA

2   only applies when a person violates a statute or regulation relating to *the sale or lease of goods*

3   *or services*. The FAC does not allege (and cannot) that Acceptance Now sold or leased goods or

4   services to Plaintiff, or attempted to sell or lease goods or services to Plaintiff.

5       Based on the factual and legal inadequacies of Plaintiff's complaint, on November 7,

6   2018, Acceptance Now filed a motion to dismiss Plaintiff's complaint pursuant to FRCP

7   12(b)(6) [ECF No. 13]; in the alternative, motion to strike class allegations pursuant to FRCP

8   12(B)(2) [ECF No. 14]. Plaintiff filed a First Amended Complaint on November 20, 2018 [ECF

9   No. 18]. Accordingly, on December 4, 2018, Acceptance again filed a motion to dismiss

10  Plaintiff's first amended complaint pursuant to FRCP 12(b)(6) [ECF No. 19]; in the alternative,

11  motion to strike class allegations pursuant to FRCP 12(B)(2) [ECF No. 20]. Plaintiff responded

12  to the motions on December 31, 2018 [ECF Nos. 23, 24]. Acceptance filed its replies on January

13  11, 2019 [ECF Nos. 25, 26]. As such, the motions are fully briefed and pending resolution before

14  the district court.

15      The parties conducted a discovery conference pursuant to Fed. R. Civ. P. 26(f) and LR

16  26-1(f) on February 22, 2019. During that conference, counsel for the parties discussed the

17  instant motion and why Acceptance Now believed a stay was both economical and warranted.

18  Unfortunately, the parties could not reach a resolution without Court intervention.

19  **III.    LEGAL ARGUMENT**

20      **A.    Legal Standard.**

21      A federal court has the inherent power to stay proceedings in its own court. *See Landis v.*

22  *N. Am. Co.*, 299 U.S. 248, 254-55 (1936).  Further, district courts have "wide discretion in

23  controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

24      "In evaluating the propriety of an order staying or limiting discovery while a dispositive

25  motion is pending, this court considers the goal of [Fed. R. Civ. P.] 1 . . . , which directs that the

26  Rules shall 'be construed and administered to secure the just, speedy, and inexpensive

27  determination of every action.'" *Tradebay*, 278 F.R.D. at 602-03.  In so ruling, the District of

28  Nevada Court further recognized that "[d]iscovery is expensive." *Id.*  Thus, with Rule 1 as its

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

"prime directive, this court must decide whether it is more just to speed the parties along in discovery . . . while a dispositive motion is pending, or whether it is more just to delay or limit discovery . . . to accomplish the inexpensive determination of the case." *Id.*

Stated differently, the trial court "must balance the harm produced by a delay in discovery against the possibility that a dispositive motion will be granted and entirely eliminate the need for such discovery." *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 3-4 (D.D.C. 2001); *see also Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) *aff'd*, 87 F. App'x 713 (11th Cir. 2003); *Ass'n Fe Y Allegria v. Republic of Ecuador*, 1999 WL 147716 (S.D. N.Y. Mar. 16, 1999); *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). The Court weighs the expense of discovery against "the underlying principle that a stay of discovery should only be ordered if the court is 'convinced' that a plaintiff will be unable to state a claim for relief." *Tradebay*, 278 F.R.D. at 603. A magistrate judge may take a "preliminary peek" at the pending dispositive motion, without prejudging its outcome, to evaluate the propriety of an order staying . . . discovery with the goal of accomplishing the objectives of [Fed. R. Civ. P.] 1." *Id.*

A cursory "peek" at both Acceptance Now's Motion to Dismiss and Motion to Strike (portions of which are included in this briefing) shows that Plaintiff cannot maintain her action. Justice strongly favors postponing discovery while the dispositive motions are pending, in light of the substantial legal challenges to Plaintiff's First Amended Complaint. Additionally, Acceptance Now's Motion to Dismiss is potentially dispositive of all claims asserted against it and does not require discovery for the district court to decide it. Therefore, this Court should stay discovery.

**B.    The Arguments on the Merits in Acceptance Now's Motion to Dismiss Independently Justifies a Stay of Discovery.**

Plaintiff asserts claims against Acceptance Now for: (1) negligent violations of the TCPA; (2) knowing/willful violations of the TCPA; and (3) violations of the NDTPA. Acceptance Now has moved to dismiss all of Plaintiff's claims for failure to state a claim upon which relief can be granted, and alternatively moved to strike Plaintiff's class allegations. A ruling in Acceptance Now's favor would leave no remaining claims making the Motion to Dismiss dispositive of all

1  claims asserted against Acceptance Now.

2      Because Plaintiff is unable to provide a factual or legal basis to sustain any claims, the

3  Court should and likely will dismiss Plaintiff's claims as a matter of law.  *Id.*  A "preliminary

4  peek" should convince the Court that Plaintiff's claims are destined to fail, such that Acceptance

5  Now should not be subjected to discovery in this case.  *Tradebay*, 278 F.R.D. at 608.

6  Accordingly, a stay of discovery pending the resolution of the Motion to Dismiss is warranted.

7           1.    Plaintiff Fails to Plead Claims for Violations of the TCPA

8      Plaintiff's two TCPA causes of action (for "negligent" and for "knowing" TCPA

9  violations) could only be viable if Acceptance Now called Plaintiff's cellular phone with a

10  prerecorded message and/or with an ATDS system, without her prior consent.  *See Meyer,* 707

11  F.3d at 1043; *see also* 47 U.S.C. § 227(b)(1).  While Plaintiff does provide factual allegations that

12  her telephone number was connected with her cellular phone (FAC, ¶ 25), and that she had not

13  consented to calls from Acceptance Now (*id*. at ¶ 26), Plaintiff offers no facts to support her

14  claim that the calls were placed by an ATDS other than the bare and unsupported legal

15  conclusions, based on "information and belief", that an ATDS "dialing campaign" was used to

16  call her:

17         27.    Upon information and belief, Defendant employs an automatic
          telephone dialing system ("ATDS") which meets the definition set forth in 47
18        U.S.C. § 227(a)(1) to transmit its phone calls to Plaintiff.

19         28.  Upon information and belief, Acceptance conducted dialing campaigns
          using its ATDS to the Plaintiff's cell phone and those similarly situated.
20

21  *Id.*, ¶¶ 27-28.  After making these conclusory statements on "information and belief," and after

22  citing to some legal decisions in her Complaint about "ATDS" systems, Plaintiff then makes

23  other statements about "**Defendant's ATDS**" (*see, e.g.,* FAC, ¶ 33)—all without providing **any**

24  factual assertion that would make Acceptance Now's use of an ATDS in the calls about which

25  she complains more likely than the use of a regular, manually dialed telephone.

26      But, the Court is not required "to accept as true allegations that are merely conclusory,

27  unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536

28  F.3d 1049, 1056–57 (9th Cir.2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

Cir.2001).  Although legal conclusions may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949–50.  Thus, courts in the Ninth Circuit find TCPA complaints like Plaintiff's inadequately pled and dismissible under Rule 12(b)(6) when no facts are offered that would make use of an ATDS more likely than not.  *See, e.g., Duguid v. Facebook, Inc.*, 2016 WL 1169365, at *4 (N.D. Cal., Mar. 24, 2016) ("This conclusory allegation that Facebook used an ATDS is not, without more, sufficient to support a claim for relief under the TCPA.").

Where (as here) only conclusory statements regarding the use of an ATDS are made and the FAC makes obvious that calls were targeted (*see* FAC, ¶ 25 ("Defendant contacted Plaintiff in an attempt to collect a debt alleged owed by Plaintiff's sister, and Defendant contacted Plaintiff to solicit information regarding Plaintiff's sister")), courts have found that the use of an ATDS is not made plausible by mere allegations of its use. *See Daniels v. Cmty. Lending, Inc.*, 2014 WL 51275, at *5 (S.D. Cal. Jan. 6, 2014) (plaintiffs did not adequately allege the use of an ATDS where the "calls are alleged to be directed specifically toward Plaintiffs").

As the *Duguid* court explained when considering bald claims regarding an ATDS, "it is at least possible that Defendant utilized a system that is capable of storing or generating a random or sequential list of telephone numbers and then dialing them, **but nothing in Plaintiff's Complaint nudge[s] [his] claims across the line from conceivable to plausible**."  2016 WL 1169365, at *5 (emphasis added; internal quotes and citations omitted).  Here, too, there are only allegations that Plaintiff received some calls from Acceptance Now, attempting to contact her regarding her sister's Lease Purchase Agreement.  There are no facts alleged that would make use of an ATDS in these calls more likely than not.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949.  Here, there is no basis for a reasonable inference that Acceptance Now used (let alone misused) an ATDS dialing system in calling Plaintiff, and her claims lack facial plausibility.

Plaintiff's First Amended Complaint is inadequate on its face and must be dismissed

1  pursuant to Rule 12(b)(6).

2      2.      Plaintiff's TCPA Claims Fail as a Matter of Law

3      Should the district court not grant the Motion to Dismiss for the reasons articulated above,

4  Acceptance Now moved separately and alternatively for dismissal, citing a declaration from

5  Andre Griffis, filed with its original Motion to Dismiss at ECF 13.  Acceptance Now understands

6  that if the district court reaches this alternative motion to dismiss, it will convert this motion into

7  one for summary judgment.  *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)

8  (typically, if a court relies on materials outside the pleadings in ruling on a motion to dismiss, it

9  must treat the motion as a motion for summary judgment).

10     Acceptance Now is a subsidiary of Rent-A-Center Inc., and its locations, which are

11  located in a kiosk-type setup within a third-party host retail furniture or appliance store, rent or

12  sell merchandise that has been purchased from a domestic and/or overseas manufacturers,

13  suppliers, and distributors, which inventory is transported across state lines for delivery to the

14  host store.  *See* Griffis Decl. [ECF No. 13] at ¶ 2.  Acceptance Now leases furniture, electronics

15  and appliances to its customers, offering flexible rental-purchase agreements with affordable

16  rental rates.  *Id.*, ¶ 3.  When consumers apply for rent-to-own contracts with Acceptance Now,

17  they are asked to provide references—persons who can verify the customer's information.  *Id.*, ¶

18  7.  If the store cannot locate that customer, an Acceptance Now employee at the location where

19  the customer entered into his or her agreement may attempt to call one of the customer's

20  references to seek new or updated contact information.  *Id.*

21     On March 17, 2018, Plaintiff was listed as a reference on an application by an Acceptance

22  Now customer.  *Id.*, ¶ 8.  Plaintiff's telephone number (702-XXX-2763) was provided to

23  Acceptance Now by the applicant when she entered into a rental-purchase agreement for a new

24  living room set.  *Id.*  In July 2018, in an attempt to locate the customer, an employee at the

25  location where the customer executed her agreement then attempted to reach Plaintiff at the 2763

26  number to ascertain whether Plaintiff had any information regarding the customer's whereabouts,

27  such as updated or new contact information.  *Id.*, ¶ 10.

28     Six (6) call attempts to Plaintiff's 2763 Number were placed once a week over a six-week

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

1  period (on July 3, 2018; July 10, 2018; July 17, 2018; July 24, 2018; July 31, 2018; and August 7,

2  2018).  *Id.*, ¶ 11.  For each call attempt to Plaintiff's number, the employee would have entered

3  by hand the 10-digit telephone number into this stand-alone phone; there is no ability for the

4  AT&T phone to store such numbers and/or dial them.  *Id.*, ¶ 13.  Each call was placed by the

5  employee using an AT&T stand-alone phone, model SB67138, and a photo of the phone at the

6  store used to call Plaintiff is depicted below:

7

8

9

10

11  

12

13

14

15

16

17

18

19

20

21  *Id.*, ¶ 12 & image (AT&T stand-alone phone used to dial Plaintiff's number).  The store's AT&T

22  phone from which the calls were placed to Plaintiff was not connected to a computer or to other

23  equipment.  *Id.*, ¶ 14.

24       Thus, each call that an Acceptance Now store employee places, like those attempted to

25  Plaintiff, must be individually and manually dialed—one digit at a time—into the stand-alone

26  AT&T phone used by that store employee for inbound and outbound calls.  *See, id.*, ¶¶ 12-14, 16.

27  Plaintiff was not contacted via any kind of "dialing system" and was only called through old-

28

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

1    fashioned, manual, digital entry of her number into the store telephone depicted above.  *Id.*, ¶ 16.[2]

2    Given these facts, Plaintiff's bare allegations that an ATDS was employed in the calls she

3    received fail entirely to provide an adequate basis for proceeding with her TCPA claims, and her

4    First Amended Complaint should be dismissed.

5              3.      <u>Plaintiff Fails to Plead a Claim for Violations of the NDTPA</u>

6          Plaintiff's NDTPA cause of action fails to state a claim because the phone calls placed by

7    Acceptance Now are not within the scope of the NDTPA.

8          "A person engages in a 'deceptive trade practice' when in the course of his business or

9    occupation he knowingly ... [v]iolates a state or federal statute or regulation relating to the sale

10   or lease of goods or services," or "uses coercion, duress or intimidation in a transaction." NRS

11   598.023(3-4).  Thus, to state a claim under the NDTPA, a plaintiff must show that "(1) an act of

12   consumer fraud by the defendant (2) caused (3) damages to the plaintiff."  *See, e.g. Peatrowsky*

13   *v. Persolve*, 2:12–cv–00935–JAD–VCF, 2014 WL 1215061, at *5 (D. Nev. Mar. 24, 2014).

14   Plaintiff cannot establish any of these elements and her NDTPA claim must be dismissed.

15          To support her allegations, Plaintiff erroneously relies on NRS 598.0918, which governs

16   deceptive trade practices on behalf of an individual during a solicitation by telephone or sales

17   presentation.   Plaintiff offers merely the conclusory allegation that, "Defendant knowingly

18   and/or willfully solicited and placed phone calls to Plaintiffs for debts for which they did not

19   owe repeatedly or continuously in a manner considered by a reasonable person to be annoying,

20   abusive or harassing." FAC, ¶ 80.   But Plaintiff has in no way adequately alleged how

21   Acceptance Now **solicited her** in relation to the sales of goods or services to her.   Indeed,

22   Plaintiff has not alleged any facts that could possibly support the application of NRS 598.0918.

23          Courts in this district have consistently confirmed that "NRS 598 only applies to persons

24   engaging in the sale of goods or services."  *See Baeza v. Bank of Am. N.A.*, No. 3:11–cv–767–

25   RCJ–VPC, 2012 WL 4062809 at *4 (D. Nev. Sept. 14, 2012) (citing *Reyes v. BAC Home Loans*

26

27   _____

28   [2] Acceptance Now's counsel has explained the above facts to Plaintiff's counsel and has provided
     images and manuals of the AT&T telephone that the Acceptance Now employee used to attempt
     to reach Plaintiff.  *See id.*, ¶ 17.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

*Servicing*, 2012 WL 2367803, at *2 (D. Nev. 2012)).[3]  Plaintiff even admits in her FAC that the purpose of the calls to Plaintiff were in relation to an already-executed Lease Agreement entered into by  Plaintiff's sister and monies owed to Acceptance Now. *See, e.g.,* FAC ¶ 80. Thus, the activities Plaintiff alleges (*see, e.g.,* FAC, ¶¶ 60, 80) are not governed by NDTPA.  Indeed, Nevada's Attorney General, who is charged with enforcement of NRS Chapter 598 (*see, e.g.,* NRS  598.096-598.0963) has confirmed that "debt collection" is specifically <u>not</u> deceptive trade under NRS Chapter 598. *See* Nevada Attorney General, About Bureau of Consumer Protection (available  at:  http://ag.nv.gov/About/Consumer_Protection/Bureau_of_Consumer_Protection/) (last visited March 25, 2019). Moreover, NRS 80.015, which defines "activities not constituting doing business" in the state of Nevada, explicitly provides at Section 80.015(h) that securing monies owed to a company does not constitute doing business in the State of Nevada. NRS 80.015(1)(h).  Because "securing or collecting debts" does not constitute doing business in Nevada, Plaintiff's claim that she received "debt collection" calls would not constitute actionable behavior "in the course of ... business" as required by the NDTPA.  *See Peatrowski*, 2014 WL 1215061, at *5.

Several recent District of Nevada decisions also confirm that alleged violations of the TCPA in the placement of collections-related calls are insufficient to trigger a NDTPA claim because the alleged violations were not related to the sale or lease of goods and/or services.  *See, e.g., Peatrowsky*, 2014 WL 1215061, at *5; *see also Kervin v. GC Services, Ltd. P'ship*, 2:13–cv–01461–MMD–PAL, 2014 WL 584966, at *2 (D. Nev. Feb. 12, 2014) (dismissing plaintiff's NDTPA claims because Chapter 598 only applies to transactions involving goods and services, not collection activities).  An NDTPA claim based on such facts "is an attempt to shove [his] square facts into this round hole of Nevada law." *Peatrowsky*, 2014 WL 1215061, at *5.  Here, as in *Peatrowsky*, it is clear from the face of the FAC that Plaintiff's alleged TCPA violations *are not related to the sale or lease of goods or services.*

---

[3]  *See also Archer v. Bank of Am. Corp.*, 2:11–cv–1264, 2011 WL 6752562, *2 (D. Nev. Dec. 23, 2011); *Lee v. BAC Home Loans Servicing, LP*, 2:11–cv–1583, 2011 WL 5827202, *3 (D. Nev. Nov. 18, 2011); *Lalwani v. Wells Fargo Bank*, 2:11–cv–0084, 2011 WL 4574338, *2 (D. Nev. Sept. 30, 2011).

Snell &amp; Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

- 11 -

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

The FAC does not allege that Acceptance Now was engaged in the sale of goods or services in placing calls to Plaintiff's number—only that Acceptance Now made calls for debt collection purposes. *See, e.g.,* FAC at ¶ 80. Then, Plaintiff's NDTPA claim provides no factual allegations beyond a recitation of elements and legal conclusions which are not entitled to the presumption of truth. *See Iqbal*, at 679. Plaintiff does not explain what alleged action by Acceptance Now relates to "the sale or lease of goods or services" as required for NRS 598 to apply. Because NRS 598 does not apply for the reasons detailed above, Plaintiff's claim for NDTPA fails as a matter of law and must be dismissed. Further, her allegations involving a NDTPA "Class 2" putative class membership should also be dismissed since there is no factual basis for a NDTPA cause of action.

### 4.   Plaintiff Fails to Plead her NDTPA Claim with the Requisite Particularity

Even though it should already be clear from the discussion in the section above that Plaintiff's NDTPA claim must be dismissed, there is an independent and different reason for doing so:  a private right of action for a violation of the NDTPA may be brought only under NRS 41.600, which states that "[a]n action may be brought by any person who is a victim of consumer fraud" and encompasses a "deceptive trade practice" as defined in NRS 598.0915 to NRS 598.0925. *See* NRS 41.600(2)(e). Thus, when a "plaintiff is filing for misconduct under Nevada's Unfair and Deceptive Trade Practices Act (NDTPA), the claim must be pled with particularity under Federal Rule of Civil Procedure 9(b)." *Horner v. Mortgage Elec. Registration Sys., Inc.*, Case No. 2:12–CV–269 JCM-GWF, 2012 WL 2017589, at *2 (D. Nev. June 5, 2012) (citing *Thorne v. Wagner*, Case No. 2:06–cv–492, 2007 WL 496373, at *3 (D. Nev. Feb. 13, 2007); *see also Kervin*, 2014 WL 584966, at 2. "In order to have a sufficiently particular pleading, the complaint must include 'averments of the time, the place, the identity of the parties involved, and the nature of the fraud.'" *Horner*, 2012 WL 2017589, at *2 (citing *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 540 (9th Cir. 1989). Indeed, under Nevada law, "[c]laims for fraud, ***consumer fraud***, constructive fraud, and civil conspiracy must satisfy NRCP 9(b)'s heightened pleading standards." *Davenport v. Homecomings Financial, LLC*, 2014 WL 1318964, *2 (Nev. Mar. 31, 2014) (emphasis added).

1    Here, Plaintiff fails to "state the time, place, and specific content of the false

2    representations" or otherwise plead her consumer fraud/NDTPA claim with particularity under

3    Rule 9(b), and therefore, the Court should dismiss this claim.  *See, e.g., Sanford v. MemberWorks,*

4    *Inc.*, 625 F.3d 550, 558 (9th Cir. 2010); *Horner*, 2012 WL 2017589, at *2.  Indeed, Plaintiff has

5    not alleged any false representations, nor can she, considering that the alleged wrongdoing does

6    not involve fraudulent representation[4] and the First Amended Complaint in no way supports a

7    claim for consumer fraud or an NDTPA violation.  Instead, the allegations set forth in Paragraphs

8    79-83 of the First Amended Complaint merely recite legal elements and make hollow legal

9    conclusions regarding an NDTPA claim under NRS chapter 598.  Plaintiff fails to sufficiently

10   plead facts to support this cause of action. The FAC's allegations are therefore not entitled to any

11   assumption of truth and are insufficient to support her NDTPA claim.  Because the NDTPA claim

12   was not pleaded with particularity, it (and the "Class 2" class-wide allegations under it) must be

13   dismissed.

### C.    The Arguments on the Merits in Acceptance Now's Motion to Strike Independently Justify a Stay of Discovery.

16   Courts have general jurisdiction over a foreign corporation only if the corporation's

17   connections to the forum state "are so 'continuous and systematic' as to render [it] essentially at

18   home in the forum State." *Id.*  Plaintiff makes no such claim regarding Acceptance Now in the

19   First Amended Complaint, but it would not, in any case, be enough to simply allege that a

20   corporation has "continuous activity of some sorts within a state."  *See Daimler AG v. Bauman*,

21   571 U.S. 117, 137 (2014) (declining to stretch the traditional limits of general jurisdiction, and

22   noting "With respect to a corporation, the place of incorporation and principal place of business

23   are 'paradig[m] ... bases for general jurisdiction'"); *see also Henry A. v. Willden, No. 10-528,*

24   2014 WL 1809634 , at *6 (D. Nev. May 7, 2014) (finding that Supreme Court in *Daimler* has

25   clarified that "the reach of general jurisdiction is narrower than had been supposed in the lower

26   courts for many years").

---

[4] Plaintiff does not allege that Acceptance Now made any fraudulent or other statements to her during telephone calls.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

Acceptance Now—a Texas corporation with its principal place of business in Texas—is not "at home" in Nevada. *See BNSF Ry. Co. v. Tyrrell*, ––– U.S. ––––, 137 S.Ct. 1549, 1558 (2017) ("The 'paradigm' forums in which a corporate defendant is 'at home,' ... are the corporation's place of incorporation and its principal place of business"); *see also Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) ("The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business. Only in an exceptional case will general jurisdiction be available anywhere else.") (internal quotations and citations omitted). Thus, jurisdiction over Acceptance Now does not exist in Nevada federal courts through general jurisdiction.

Because there can be no claim of general jurisdiction here, Plaintiff must show there is specific personal jurisdiction for the causes of action she hopes to pursue on behalf of a putative nationwide class. *See Goodyear,* 564 U.S. at 919. Specific jurisdiction is warranted only when a claim itself "arises out of or relates to the defendant's contact with the forum." *Daimler*, 134 S. Ct. at 749. To establish specific jurisdiction, a plaintiff must allege that (i) defendant's activities are "purposefully directed" at the forum, (ii) plaintiffs' claims "arise out of or relate to at least one of those activities," and (iii) the assertion of jurisdiction "otherwise comport[s] with fair play and substantial justice." *Goodyear*, 564 U.S. at 919. "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017) ("*Bristol-Myers*").

Here, if Plaintiff's First Amended Complaint is read to give Plaintiff the benefit of all disputes, the FAC might be read so as to claim that there is specific jurisdiction in this Court ***over Plaintiff's own claims*** that as a Nevada resident, she received calls in Nevada that she claims violated the TCPA. However, in light of the recent Supreme Court decision in *Bristol-Myers*, various district courts have been correctly finding that putative class-wide claims for ***non-residents*** of the forum state cannot piggyback on a named plaintiff's own specific jurisdictional claim. *See Bristol-Myers*, 137 S. Ct. at 1781 (the "mere fact that other [resident] plaintiffs" took defendant's drugs in the state and sustained the same injuries as nonresident plaintiffs did not

provide the required "connection between the forum and the specific claims at issue" for the Court to exercise jurisdiction over the nonresidents' claims against defendant).

Late last term, in *Bristol-Meyers*, the Supreme Court examined whether specific jurisdiction over *all* potential plaintiffs in an action could be established by the named plaintiff's *own* claims of specific jurisdiction in that forum and found that specific jurisdiction was lacking over non-resident plaintiffs whose "harms" occurred in their own home states. *See Bristol-Myers*, 137 S. Ct. at 1781. There, 600 plaintiffs had filed claims in California state court against Bristol-Myers Squibb Company — a company incorporated in Delaware and headquartered in New York — asserting claims based on injuries allegedly caused by the pharmaceutical company's drug Plavix. *See Bristol-Myers*, 137 S. Ct. at 1777. Applying settled specific jurisdiction principles, the U.S. Supreme Court ultimately held that because the nonresidents were not prescribed, did not purchase, did not ingest, nor get injured by Plavix in California, there was no "connection between the forum and the specific claims at issue." *Id*. at 1781.

The Court explained that "[t]he mere fact that [some] plaintiffs were prescribed, obtained, and ingested Plavix in California — and allegedly sustained the same injuries as did the nonresidents — does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Id*. In sum, in *Bristol-Meyers*, the Supreme Court mandated that each plaintiff – whether a named representative or a putative class member – must establish personal jurisdiction regardless of whether it is established for another claimant in the action. And, in light of *Bristol-Meyers*, various federal district courts have found that nationwide class claims like Plaintiff's here must be dismissed from a complaint when there is no viable claim of general or specific jurisdiction over non-resident class members' claims.

In *McDonnell v. Nature's Way Prod., LLC,* No. 16 C 5011, 2017 WL 4864910 (N.D. Ill. Oct. 26, 2017), a putative class action alleging consumer fraud arising from defendant's energy supplements in which plaintiff sought to bring claims on behalf out-of-state putative members, the Northern District of Illinois expressly held that "[a]lthough these individuals are not named plaintiffs, the analysis used in *Bristol-Myers Squibb Co*. is instructive in considering whether this Court has personal jurisdiction over the claims [plaintiff] asserts on their behalf ...." *Id., *4.

Snell &amp; Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

1    Accordingly, the *McDonnell* court dismissed the portions of plaintiff's class action complaint that

2    encompassed the claims on behalf of the out-of-state putative class members. *Id.*, *5; *see also*

3    *Chavez v. Church & Dwight Co.,* 2018 WL 2238191, at *11 (N.D. Ill. May 16, 2018) ("The Court

4    therefore concludes that *Bristol-Myers* extends to class actions, and that Chavez is therefore

5    foreclosed from representing either a nationwide and multistate class comprising non-Illinois

6    residents in this suit."). Other courts have reached similar rulings. *See, e.g. Spratley v. FCA US*

7    *LLC*, 2017 U.S. Dist. LEXIS 147492 at * 18 (N.D.N.Y. September 12, 2017); *DeBernardis v.*

8    *NBTY, Inc.,* No. 17 C 6125, 2018 WL 461228, at *2 (N.D. Ill. Jan. 18, 2018); *Anderson v.*

9    *Logitech, Inc.,* 2018 WL 1184729 (N.D. Ill. Mar. 7, 2018) (striking nationwide class claims).

10    Likewise, in *Wenokur  v. AXA Equitable  Life Ins. Co.*, 2017 WL 4357916 at*  4, n. 4 (D.

11    Arizona October 2, 2017), the Court specifically relied on Bristol-Myers and held that "[t]he

12    Court also notes that it lacks personal jurisdiction over the claims  of  putative  class  members

13    with no connection to Arizona and therefore would not be able to certify a nationwide class."

14    And in a recent TCPA decision on a motion to certify a class against Cirque de Soleil for fax

15    advertisements sent nationwide, the district court noted that the intervening decision of *Bristol-*

16    *Meyers* meant that there was no specific jurisdiction (so as to establish personal jurisdiction) as to

17    non-Illinois residents, and that the class certified must exclude all non-residents.  *Practice Mgmt.*

18    *Support Servs., Inc. v. Cirque du Soleil, Inc.*, 2018 WL 1255021, at *18 (N.D. Ill. Mar. 12, 2018)

19    ("Because these nonresidents' claims do not relate to defendants' contacts with Illinois,

20    exercising specific personal jurisdiction over defendants with respect to them would violate

21    defendants' due process rights.  Thus, . . . the Court finds it appropriate to dismiss the claims of

22    the non-Illinois-resident class members.").[5]  *See also In re Dental Supplies Antitrust Litig.*, 2017

23    WL 4217115, at *9 (E.D.N.Y. Sept. 20, 2017) ("Plaintiffs attempt to side-step the due process

24    holdings in *Bristol-Myers* by arguing that the case has no effect on the law in class actions

25    because the case before the Supreme Court was not a class action.  This argument is flawed.  The

---

27    [5] Months later, the *Practice Mgmt.* Court then decertified even the statewide class it had certified, finding that under recent Supreme Court precedent the claims pending before it were untimely.

28    *Practice Mgmt. Support Servs., Inc. v. Cirque du Soleil Inc.,* 2018 WL 3659349, at *6 (N.D. Ill. Aug. 2, 2018).  But the Court did not undo its earlier decision following *Bristol-Meyer*'s analysis.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

1  constitutional requirements of due process does not wax and wane when the complaint is

2  individual or on behalf of a class.  Personal jurisdiction in class actions must comport with due

3  process just the same as any other case.").

4  Thus and at the least, Plaintiff's **nationwide** class claims should be dismissed and/or

5  stricken from the First Amended Complaint.

6  **D.    The Pending Motion to Dismiss Is Potentially Dispositive of the Entire Case.**

7  In weighing the objectives of Rule 1 to determine whether a stay is appropriate, the Court

8  considers whether the pending motion is potentially dispositive of the entire case, *Solida*, 288

9  F.R.D. at 506.  Here, the Motion to Dismiss will potentially (and likely) dispose of the entire

10  case.   As detailed above, the Motion to Dismiss provides a strong justification for why each

11  claim fails on its merits.  The Motion potentially disposes of the entire action against Acceptance

12  Now, and therefore satisfies this consideration in favor of a stay of discovery.  *See Tradebay*, 278

13  F.R.D. at 608.

14  Similarly, the Motion to Strike is potentially dispositive of all of Plaintiff's nationwide

15  class claims, which, at the very least, would substantially narrow the scope of discovery.

16  **E.    Acceptance Now's Motion to Dismiss Can Be Decided without Discovery.**

17  The Motion to Dismiss can also be decided without additional discovery, satisfying the

18  final criterion under *Tradebay*. *Id.*   Acceptance Now bases its Motion to Dismiss on the

19  allegations in the First Amended Complaint. Acceptance Now's Motion not only can, but should,

20  be decided without discovery.  The strength of Acceptance Now's legal arguments is evident

21  from the summary of the failures of Plaintiff's First Amended Complaint, above.  Because the

22  Motion to Dismiss can and should be decided without discovery, this consideration favors a stay.

23  *Tradebay*, 278 F.R.D. at 608.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**IV.      CONCLUSION**

Based on the foregoing, a stay of discovery is appropriate while this Court considers Acceptance Now's Motion to Dismiss and Motion to Strike.  Acceptance Now requests the Court issue such an order and stay discovery until the Court issues a final order on the pending Motions.

Dated:  March 25, 2019.                          SNELL & WILMER L.L.P.


                                                         By:/s/ Michael Paretti
                                                         Richard C. Gordon (NV Bar No. 9036)
                                                         Michael Paretti, Esq. (NV Bar No. 13926)
                                                         3883 Howard Hughes Parkway, Suite 1100
                                                         Las Vegas, Nevada 89169
                                                         *Attorneys for Defendant Acceptance Now*

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702) 784-5200

## CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action.  On this date, I caused to be served a true and correct copy of the foregoing **DEFENDANT ACCEPTANCE NOW WEST LLC'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTIONS** by method indicated below:

☐     **BY FAX:**  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document(s).

☐     **BY U.S. MAIL:**  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

☐     **BY OVERNIGHT MAIL:**  by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐     **BY PERSONAL DELIVERY:**  by causing personal delivery by            , a messenger service with which this firm maintains an account, of the document(s) listed above to the person(s) at the address(es) set forth below.

☒     **BY ELECTRONIC SUBMISSION:**  submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

☐     **BY EMAIL:**  by emailing a PDF of the document listed above to the email addresses of the individual(s) listed below.

and addressed to the following:

David H. Krieger, Esq.
Haines & Krieger, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
dkrieger@hainesandkrieger.com
*Attorneys for Plaintiff Roxanne Whittum*

Matthew I. Knepper, Esq.
Miles N. Clark, Esq.
Knepper & Clark LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
matthew.knepper@knepperclark.com
miles.clark@knepperclark.com
*Attorneys for Plaintiff Roxanne Whittum*

Dated:  March 25, 2019        */s/ Maricris Williams*
                                 An Employee of Snell & Wilmer L.L.P.

4820-8914-3948