UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROXANNE WHITTUM, individually and on behalf of all and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ACCEPTANCE NOW,<br><br>Defendants. | Case No. 2:18-cv-01574-RFB-BNW<br><br>ORDER |

### I. INTRODUCTION

Before the Court is Defendant Acceptance Now West LLC's[1] ("Defendant") Motion to Dismiss Amended Complaint (ECF No. 19) and Alternative Motion to Strike (ECF No. 20).

### II. PROCEDURAL BACKGROUND

Plaintiff filed an initial complaint in this action on August 21, 2018 (ECF No. 1) and the Amended Complaint which serves as the operative complaint in this action on November 20, 2018 (ECF No. 18). Defendant filed the instant Motions to Dismiss and Alternative Motion to Strike on December 4, 2019 (ECF Nos. 19, 20).

### III. FACTUAL ALLEGATIONS

Plaintiff asserts that beginning in July 2018, she received multiple calls from Defendant in an attempt to solicit information about Plaintiff's sister, allegedly related to collection of a debt. Id. at 5. Plaintiff asserts the calls violated her common law right to privacy and that she suffered

---

[1] Defendant notes that it was erroneously named in Plaintiff's Amended Complaint as "Acceptance Now." ECF No. 19 at 1 n.1.

1 | and continues to suffer from emotional and physical symptoms. Id. at 6-7. Plaintiff asserts three claims against Defendant, including "negligent violations" of the Telephone Consumer Protection Act (TCPA), "knowing and/or willful" violations of the TCPA, and violations of NRS. 598.0918 and NRS 41.600 of the Nevada Deceptive Trade Practices Act (NDTPA). ECF No. 18 at 12-14. Plaintiff seeks to bring this action on behalf of herself and two putative classes—those who have been harmed by Defendant in violation of the TCPA, and those who were harmed in violation of NRS 598.0918 and NRS 41.600. Id. at 8-12. Plaintiff seeks both damages and injunctive relief. Id. at 14-15.

## IV. LEGAL STANDARD

### A. Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

### B. Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2)

A plaintiff bears the burden of establishing personal jurisdiction. Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1168 (9th Cir.2006). When, as here, the Court resolves the motion to dismiss based only on written submissions, a plaintiff must make a prima facie showing of facts that would support personal jurisdiction. Id. That is, Plaintiffs "need only demonstrate facts that if true would support jurisdiction." Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir.1995).

To establish that personal jurisdiction over a defendant is proper, a plaintiff must show (1) that the forum state's long-arm statute confers personal jurisdiction and (2) that the exercise of jurisdiction comports with the constitutional principles of due process. Rio Properties, Inc. v. Rio

Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir.2002). Because Nev. Rev. Stat. section 14.065 permits Nevada courts to exercise jurisdiction to the same extent as the Constitution, this Court need only consider the constitutional principles of due process. Walden v. Fiore, 134 S.Ct. 1115, 1121 (2014).

## V. DISCUSSION

### A. Motion to Dismiss. ECF No. 19.

Acceptance Now argues that the Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted in accordance with Federal Rule of Civil Procedure 12(b)(6) for any of the claims asserted, or alternatively, introduces evidence in the form of a declaration to convert its Motion to Dismiss to a Motion for Summary Judgment.

#### *i.* ***TCPA***

The Court first considers Defendant's argument that the Amended Complaint fails to state a claim upon which relief can be granted under the TCPA.

"The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system or an articular or prerecorded voice; (3) without the recipient's prior express consent." Meyer v. Portfolio Recovery Associates, LLC, 707 F.3d 1036, 1043 (9th Cir. 2012); 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA grants a private right of action to individuals seeking to enjoin or recover damages for violations of the Act. 47 U.S.C. § 227(b)(3).

Defendant argues that Plaintiff has failed to state factual allegations sufficient to state a claim under the TCPA. Specifically, Defendant states that Plaintiff provides only conclusory allegations in support of her claim that the calls to her cellphone were placed by an automatic telephone dialing system ("ATDS"). ECF No. 19 at 4-5. Defendant points to caselaw that suggests that the pleading standard for a TCPA claim may only be met when a plaintiff has pled facts that can support the assertion that an ATDS was employed, as required to meet the prima facie case for a TCPA claim. Id. at 5-6.

Plaintiff counters that she has adequately asserted that Acceptance Now used an ATDS to contact her. Plaintiff attaches exhibits to her response to support her assertion that "employee

reviews of the workplace environment" at Acceptance Now illustrate that "one of the job functions" includes use of the "Hi touch computer program." ECF No. 23 at 2. Because Hi Touch is a third party phone services provider that advertises the functionality of its phone systems as having an "Auto/Predictive Dialer," the fact that Acceptance Now's employees have "admitted" that they used Hi Touch products in the course of their employment implies that "it is far from clear that Acceptance Now did *not* use an ATDS to contact Plaintiff in this case." Id. at 2 (emphasis in the original).

While the Court does not consider evidence attached to Plaintiff's response to the motion, which likely raises evidentiary concerns in its current form, the Court nonetheless finds that Plaintiff has plausibly pled facts, which accepted as true, state a claim for relief under the TCPA. The Court finds that Plaintiff's allegations satisfy a prima facie case for recovery under the TCPA. Plaintiff's complaint alleges that she received calls on her cellphone from Defendant, that "upon information and belief" Defendant employed an ATDS to make these calls, and that she did not consent to be contacted. ECF No. 18 at 5. That Plaintiff cannot as of yet assert more facts in support of Defendant's use of an ATDS is not fatal to her claim at the pleading stage. Plaintiff has sufficiently pled allegations to survive a Motion to Dismiss, which entitles her to discovery on Defendant's alleged use of an ATDS. See Fed. R. Civ. P. 26(b).

Defendant has moved in the alternative to convert its Motion to Dismiss to a Motion for Summary Judgment by introducing evidence disputing the use of an ATDS. ECF No. 19 at 11-13. Plaintiff invokes Federal Rule of Civil Procedure 56(d), asserting via declaration that discovery is needed to justify its opposition. Decl. of Miles N. Clark at 2-3, ECF No. 24-1. The Court therefore denies the Motion for Summary Judgment without prejudice, as premature. See Fed. R. Civ. P. 56(d).

### ii. *Nevada Deceptive Trade Practices Act*

The Court next considers Defendant's argument that Plaintiff has failed to state a claim under the NDTPA.

NRS 41.600 provides a private cause of action for "any person who is a victim of consumer fraud." Nev. Rev. Stat. § 41.600 "Consumer fraud" means: . . . a deceptive trade practice as defined

in NRS 598.0915 to 598.0925, inclusive." Id. at § (2)(e). A claim under the NVDTPA "requires a 'victim of consumer fraud to prove that (1) an act of consumer fraud by the defendant (2) caused (3) damage to the plaintiff.'" Sattari v. Wash. Mut., 475 Fed. Appx. 648, 648 (9th Cir. 2011) (quoting Picus v. Wal-Mart Stores, Inc., 256 F.R.D. 651, 658 (D. Nev. 2009)).

Under NRS § 598.0918, "[a] person engages in a 'deceptive trade practice' if, during a solicitation by telephone or sales presentation, he or she . . . [r]epeatedly or continuously conducts the solicitation or presentation in a manner that is considered by a reasonable person to be annoying, abusive, or harassing . . . ." Nev. Rev. Stat. § 598.0918(2).

Defendant asserts that Plaintiff has failed to plead facts sufficient to state a claim under the NDTPA because the scope of the alleged conduct described in the complaint is not covered by the Act. ECF No. 19 at 7. Specifically, Defendant asserts that Acceptance Now did not solicit her in relation to the sale of goods or services, which Defendant asserts is the only conduct the NDTPA covers. Id. at 8. Because the alleged calls were made for the purposes of debt collection, Plaintiff's NDTPA claim fails as a matter of law. Id. at 9. Defendant also argues in the alternative that Plaintiff's NDTPA claim fails because she has failed to adequately meet the heightened pleading standards for consumer fraud. Id. at 9-10. Defendant relies on case law in this district to assert that in order to adequately plead a claim for misconduct under the NDTPA, the claim must be pled in accordance with Federal Rule of Civil Procedure 9(b). Id. at 9-10.

Plaintiff argues that NRS 598.0918 does not includes the phrase "goods or services" and as such, that this particular provision of the NDTPA should not be interpreted to require a connection between the solicitation and the sale of goods or services. ECF No. 23 at 2-3. Additionally, Plaintiff asserts that "the concept of 'consumer fraud' is distinct from the concept of fraud itself," and that certain sections of NRS 598.0918 "do not contemplate 'fraudulent' conduct at all." Id. at 6. Plaintiff further asserts that a consumer need not actually plead justifiable reliance. Id.

The key dispute between the parties is a matter of statutory interpretation, specifically, whether Section 598.0918 mandates that the wrongful "solicitation by telephone" be done in the context of the sale of goods or services. "'Statutory interpretation is a question of law . . . .'"

Williams v. State Department of Corrections, 402 P.3d 1260, 1262 (Nev. 2017) (citation omitted). "The goal of statutory interpretation 'is to give effect to the Legislature's intent.'" Id. (citation omitted). "Whether a statutory term is unambiguous . . . does not turn solely on dictionary definitions of its component words. Rather, '[t]he plainness or ambiguity of statutory language is determined [not only] by reference to the language itself, [but as well by] the specific context in which that language is used, and the broader context of the statute as a whole.'" Yates v. United States, 135 S.Ct. 1074 (2015) (citation omitted).

There is no dispute that the alleged misconduct does not constitute the sale of goods or services, as is evident in the Amended Complaint, which states that the purpose of the calls was debt collection. ECF No. 18 at 5. Defendant asserts that the misconduct alleged under § 598.0918 must be related to the sale of goods or services but relies in large part on authority that considers other provisions within § 598 that explicitly tie the deceptive trade practice at issue to the sale of goods or services. See ECF No. 19 at 7-9. Section 598.0918 plainly does not do this with regard to the "solicitation by telephone" provision; it does not explicitly indicate that "solicitation by telephone" must be in relation to the sale of goods or services. See §598.0918(1)-(5).

This fact alone is not dispositive, however. It cannot be ignored that nearly *all* of the provisions defining conduct as a "deceptive trade practice" throughout § 598 implicate conduct that is explicitly or very plainly related to the sale of goods or services. See Nev. Rev. Stat. § § 598.0915, 598.0916, 598.0917, 598.092, 598.0921, 598.09213, 598.09223, 598.0923. It is a "fundamental principle of statutory construction (and, indeed, of language itself) that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used." Deal v. United States, 508 U.S. 129, 132 (1993). This principle suggests that § 598.0918, like the other provisions of § 598, is intended to govern conduct related to the sale of goods and services. Moreover, Section 598.0918 does not only cover solicitation; its full text encompasses conduct "during a solicitation by telephone *or sales presentation*." "Sales presentation" quite obviously relates to a "sale" of some kind. The canon of construction noscitur a sociis instructs that "'words are known by—acquire meaning from—the company they keep.'" Building Energetix Corp. v. EHE, LP, 294 P.3d 1228, 1234 (Nev. 2013) (quoting Ford v. State, 262 P.3d 1123, 1132

n.8 (Nev. 2011)). Given the broader context of the statute and the proximity of "solicitation" to "sales presentation," the Court finds that the Nevada legislature intended "solicitation[s] by telephone" under § 598.0918 to be in relation to the sale of goods or services. Consequently, Plaintiff has not alleged conduct that is covered by the statute, and the Court grants the Motion to Dismiss Plaintiff's claim under NRS § § 598.0918 & 41.600.

### B. Motion to Strike. ECF No. 20.

Finally, Defendant moves in the alternative to strike the nationwide class allegations as it pertains to "Class 1" pursuant to Federal Rule of Civil Procedure 12(b)(2). Defendant asserts that in light of the Supreme Court's decision in Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County, the Court does not have personal jurisdiction over Defendant as it pertains to claims made by putative class members outside the State of Nevada. 137 S. Ct. 1773 (2017).

The Court, however, finds Defendant's argument to be premature. The Court finds that Plaintiff has not sufficiently pled allegations to establish a class under the TCPA beyond conclusory statements that nationwide violations occurred. While the Court has found Plaintiff's allegations sufficient to support her claim, there are not similarly detailed allegations regarding a putative class. As this point, the Plaintiff's allegations as to the existence of nationwide class are speculative and therefore insufficient to survive at this time. The Court grants the Motion to Dismiss as to the class allegations.

### VI. CONCLUSION

For the reasons stated above,

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss is (ECF No. 19) is **GRANTED** in part and **DENIED** in part. Plaintiff's claims under Count III are dismissed and all class claims are dismissed. The remaining claims under Counts I and II may proceed for Plaintiff individually.

///

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Amended Complaint (ECF No. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss Complaint (ECF No. 12) and Alternative Motion to Strike (ECF No. 14) are **DENIED** as moot.

DATED: September 30, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**